UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FABIAN EVANS,

      Plaintiff,

      v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

      Defendant.

Case No.  2:26-cv-0177-DAD-JDP (PS)

ORDER

Fabian Evans ("plaintiff") brings this action against defendant Experian Information Solutions, Inc. ("Experian") and alleges that his rights under the Fair Credit Reporting Act ("FCRA") were violated.  ECF No. 8.  His amended complaint is before me for screening.  After review of that pleading, I find that plaintiff's claims are, for screening purposes, suitable to proceed.  Additionally, I will grant his application to proceed *in forma pauperis*, ECF No. 2, and deny his motion to redact, ECF No. 4, and request for status, ECF No. 9.

      I.     Screening Order

Screening and Pleading Requirements

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Analysis

Plaintiff alleges that Experian furnished a consumer credit report regarding him that was "inaccurate, misleading, and internally consistent." ECF No. 8 at 1. He claims that, despite submitting multiple written disputes to Experian and attempting to resolve the alleged inaccuracies, defendant responded by offering nothing more than "boilerplate" language asserting the veracity of the report. *Id.* at 2. Plaintiff alleges that Experian continued to publish the disputed report, causing damage to his credit. *Id.* For screening purposes, plaintiff's FCRA claims are suitable to proceed.

2

II.     Motion to Redact

Plaintiff has filed a motion to redact, ECF No. 4, that seeks to redact unspecified personal information on "prior filings on the public docket." *Id.* at 1.  The motion is denied because it fails to identify what information it seeks to have redacted and in which filings that information appears.  Plaintiff does state that his application to proceed *in forma pauperis*, ECF No. 2, contains information that exposes him to a risk of identity theft, but he does not state what information he is referring to.  It is not incumbent upon the court to review his prior filings and guess at what information he might be at issue in a given motion.

III.    Request for Status

Plaintiff's request for status, ECF No. 9, is denied.  This order shall serve as confirmation that the court has received his recent filings.

IV.     Conclusion

Accordingly, it is hereby ORDERED that:

1.     This action shall proceed on the FCRA claims in his First Amended complaint, ECF No. 8.

2.     Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

3.     Plaintiff's motion to redact, ECF No. 4, and request for status, ECF No. 9, are DENIED.

IT IS SO ORDERED.

Dated:    April 29, 2026              _____
                                      JEREMY D. PETERSON
                                      UNITED STATES MAGISTRATE JUDGE

3